THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Trustee under Carolina, Clinchfield and Ohio Railway Mortgage Dated December 15, 1922, Plaintiff, v. CAROLINA, CLINCHFIELD AND OHIO RAILWAY, Defendant.

First Department, April 21, 1939.

*Arthur A. Gammell* of counsel [*Edward H. Stiefel* and *Thomas I. Parkinson* with him on the brief; *Milbank, Tweed & Hope,* attorneys], for the plaintiff.

*Edward C. Bailly* of counsel [*William S. Begg* with him on the brief; *Miller, Owen, Otis & Bailly,* attorneys], for the defendant.

O'MALLEY, J.  The question presented in this submission of controversy is whether the defendant, under the terms of a mortgage executed by it and under which plaintiff is now acting as trustee, is required to continue annual amortization payments to a sinking fund when it appears that all bonds authenticated and delivered, and for which the sinking fund was security, have been retired and canceled.

The mortgage in question provided for authentication and delivery of bonds to retire certain equipment certificates then outstanding.

Section 4 of article two of the mortgage provided: " In respect of any bonds authenticated by the Trustee under this Section 4, the Railway Company shall make the payments to the Trustee of five per cent. (5%) per annum for a period of twenty years required by Section 16 of Article Four hereof."

Section 16 of article four provided that, when bonds were authenticated under section 4 of article two, " the Railway Company shall pay to the Trustee at the end of each calendar year, commencing with the calendar year following the calendar year in which the bonds are authenticated and delivered,  *  *  *  for a period of twenty (20) years from and after every such authentication and delivery  *  *  *  (unless and except to the extent that such payment shall have been anticipated in such year or in any previous year or years of such period) an amount in cash equal to five per cent. (5%) of the principal amount of bonds so authenticated and delivered  *  *  *,  so that such payments to the Trustee in respect of every such authentication and delivery of bonds  *  *  *  shall, within such period of twenty (20) years aggregate an amount equal to the principal amount of bonds so authenticated."

Under section 10 of article two, bonds of any series issued under this mortgage might be refunded with bonds of a new series.

Certain equipment bonds were authenticated by the trustee in 1929 and 1930.  Pursuant to the provisions of section 4 of article two and section 16 of article four above quoted, there was paid to the trustee at the end of each calendar year up to and including 1936, five per cent of the value of the bonds so authenticated and held.

These bonds were retained by the defendant and were delivered to no one, much less for value. This retention by the defendant was pursuant to the orders of the Interstate Commerce Commission authorizing the authentication and delivery of the equipment bonds, which orders provided that they should not be disposed of until further direction of the Commission. All bonds so authenticated by the plaintiff trustee were surrendered to it in December, 1937, and thereupon canceled.

In our opinion the defendant was not obligated after surrender and cancellation of the bonds to continue making the amortization payments to the sinking fund. The mortgage must, of course, be construed as a whole and the intention of the parties so ascertained. (*Fleischman* v. *Furgueson,* 223 N. Y. 235, 239; *Paige* v. *Faure,* 229 id. 114, 118.)

We think that reading this mortgage in its entirety it was contemplated that the sinking fund should be maintained and annual amortization made only in so far as there then might be outstanding equipment bonds of this particular series authenticated by the plaintiff. Both sides seem to agree that it was evidently considered that the equipment which was to be purchased or financed by these bonds would have a life of some twenty years. Five per cent, therefore, was paid into the sinking fund so that at the end of the expected life of the equipment, the bonds then outstanding would be protected by an even number of dollars in the fund.

Here, however, these bonds so authenticated by the plaintiff have been returned to it and canceled. The reason for the amortization feature having disappeared, there is no reason for compelling its continuance. (*Cessante ratione cessat lex.*)

This conclusion seems further justified by the fact that section 16 of article four provides for a twenty-year payment " (unless and except to the extent that such payment shall have been anticipated)." Here there has been more than anticipation; the bonds have been delivered up and canceled.

While it is true that under the terms of the mortgage other bonds might be issued, plaintiff is thoroughly protected. The defendant has delivered to the trustee a written notice stating that no request for authentication and delivery of bonds in exchange for the canceled equipment bonds will ever be made.

It follows, therefore, that judgment should be directed for the defendant but without costs.

Martin, P. J., Glennon, Untermyer and Cohn, JJ., concur.

Judgment unanimously directed for defendant, without costs. Settle order on notice.